**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**


DEBORAH STUPP,                              :

      Plaintiff,                       :       Case No. 3:07V008

 vs.                                        :       District Judge Thomas M. Rose
                                                      Magistrate Judge Sharon L. Ovington

MICHAEL J. ASTRUE,                          :
Commissioner of the Social
Security Administration,                    :

      Defendant.                       :


**ORDER**


## I.    INTRODUCTION

Plaintiff Deborah Stupp suffers from multiple mental health problems including, she asserts, major depression, an anxiety disorder, a personality disorder, and sleeping problems. (Tr. 70). She first experienced these health problems long ago, perhaps in 1996 or earlier. *See id.* She also suffers from physical medical problems "secondary to her history of morbid obesity" – for example, lower back pain and bilateral knee pain. (Doc. #6 at 3). Over the years, Plaintiff's health deteriorated to the point that she could no longer perform her job as a machine operator. (Tr. 70-71).

On October 10, 2002, Plaintiff turned to the Social Security Administration for assistance by applying for Supplemental Security Income (SSI) and Disability Insurance

Benefits (DIB).  She asserted two different disability onset dates: April 25, 1996 (SSI

application); November 12, 2001 (DIB application).  (Tr. 52-53, 446-48).

After consideration of Plaintiff's DIB/SSI applications through various levels of

administrative review, the Social Security Administration reached a final decision to deny

Plaintiff's applications.  The final decision was based on the conclusion that Plaintiff was

not under a "disability" within the meaning of the Social Security Act and, consequently,

she was not eligible for DIB or SSI.  (Tr.16-25).  Such final decisions are subject to

judicial review, *see* 42 U.S.C. §405(g), which Plaintiff is now due.

This case is before the Court upon Plaintiff's Statement of Errors (Doc. #6), the

Commissioner's Memorandum in Opposition (Doc. #7), Plaintiff's Reply (Doc. #10), the

administrative record, and the record as a whole.

Invoking Sentence 4 of 42 U.S.C. §405(g), Plaintiff seeks an Order reversing the

ALJ's decision and granting her benefits or, at a minimum, a remand of this case to the

Social Security Administration to correct certain errors.  Plaintiff alternatively seeks a

remand under Sentence 6 of 42 U.S.C. §405(g) for administrative consideration of certain

new and material evidence.

The Commissioner opposes each type of remand and contends that an Order

affirming the ALJ's decision is warranted.

## II.     ADDITIONAL BACKGROUND

At the time of the Social Security Administration's final decision, Plaintiff was thirty-three years old.  She had worked over the years as a cashier/checker and an injection molding machine operator.  She has a high school education.  (Tr. 24-25).

Plaintiff's administrative proceedings included a hearing before Administrative Law Judge (ALJ) David A. Redmond.  Plaintiff testified during the hearing that her "mental state of mind" was the primary reason she could not work full-time.  (Tr. 483). She stopped working in 2002 because she could no longer concentrate at work and felt that she had "mentally relapsed."  (Tr. 482-83).

At the time of the ALJ's hearing, Plaintiff was seeing a counselor every two weeks and a psychiatrist once a month at Advanced Therapeutic Services.  (Tr. 497).  She sometimes experiences visual hallucinations at night.  She sometimes experiences auditory hallucinations at night, about three times a week.  (Tr. 499).  She described some of her other mental health problems as involving paranoia, panic attacks (lasting up to an hour), and suicidal thoughts.  (Tr. 495, 499-500).  Her panic attacks occur when she starts crying and has suicidal thoughts.  (Tr. 500).  Plaintiff sleeps most of the day because she feels more secure when her boyfriend is awake.  (Tr. 496, 498).

After the hearing, ALJ Redmond issued a written decision – which became the Social Security Administration's final decision – concluding that Plaintiff's medical problems did not constitute a "disability" within the meaning of the Social Security Act. (Tr. 16-25).

## III.     THE SOCIAL SECURITY ACT

The Social Security Act defines the term "disability" in essentially the same manner for purposes of determining DIB and SSI eligibility.  *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).  Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant (1) from performing his or her past job, and (2) from engaging in "substantial gainful activity" that is available in the regional or national economies.  *See Bowen*, 476 U.S. at 469-70 (1986).

A DIB/SSI applicant bears the ultimate burden of establishing that he or she is under a disability.  *See Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997); *Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992); *Hephner v. Mathews*, 574 F.2d 359, 361 (6th Cir. 1978).

## IV.     DISCUSSION

### A.     Remand under Sentence Six of 42 U.S.C. §405(g)

Under Sentence Six of 42 U.S.C. §405(g), this Court may remand a case to the Social Security Administration "because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).  A Sentence-Six remand for consideration of additional evidence is warranted only if (1) there is good cause for the failure to incorporate this evidence into the record at the prior hearing, and (2) the evidence is new and material.  42 U.S.C.

§ 405(g); *see Melkonyan*, 501 U.S. at 89; *see also Bass II v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Plaintiff – the party seeking a Sentence-Six remand in the present case – bears the burden of establishing these two remand requirements. *Hollon ex rel. Hollon v. Commissioner of Social Sec.*, 447 F.3d 477, 483 (6th Cir. 2006).

**B.     Analysis**

Plaintiff contends that a sentence-six remand is warranted due to new and material opinions of her treating psychiatrist, Dr. Gollamudi, and her treating mental health counselor, Wes Stratton, BA, LSW.

The Commissioner opposes a sentence-six remand because Plaintiff has not shown good cause for not obtaining the information before the ALJ's hearing or for not asking the ALJ to keep the record open so she could submit the evidence. The Commissioner also contends that the evidence is not new because it concerns some counseling sessions that pre-date the ALJ's hearing. The evidence is not material, according to the Commissioner, because it is unsupported by treatment notes and only related to a short period of time.

Dr. Gollamudi and Mr. Stratton believed that Ms. Stupp would not be able to appropriately interact or respond to others in a regular work environment. (Tr. 458). They noted that she has poor or no ability to maintain attention/concentration. (Tr. 465). Although Plaintiff would like to be reliable, she would not be able to as a result of "cycling, psychosis and anxiety." (Tr. 460). Plaintiff required a "sheltered setting" in

order to work; she could not function independently.  (Tr. 462).  Plaintiff has a marked

impairment in her ability to perform activities of daily living and maintaining social

functioning.  (Tr. 463).  Plaintiff "demonstrated in interviews that she cannot function in a

meaningful way in social settings," as she becomes aggressive and has some social

phobia.  (Tr. 466).  Her ability to behave in an emotionally stable manner is seriously

limited.  She has "had numerous cycles of depression, mood swings, and shown periods

of being completely incapacitated."  (Tr. 467).

Although this evidence was submitted to the Appeals Council, it may be

considered by the Court if the "good cause" standard is met.  *See Cotton v. Shalala*, 2

F.3d 692 (6th Cir. 1993); *see also Foster v. Halter*, 279 F.3d 348 (6th Cir. 2001).  Plaintiff

has presented circumstances sufficient to establish "good cause" for not filing the

additional evidence in the record before the ALJ's hearing and subsequent decision.  The

evidence was not prepared until after the administrative record had closed following the

ALJ's hearing in September 2005.  While it is true, as the Commissioner points out, that

some of the treatment occurred before the ALJ's hearing, the evidence itself – the report

described above – was not available before the ALJ's hearing.  In addition, Dr. Gollamudi

had only started treating Plaintiff in May 2005, and by the date of the ALJ's hearing, she

had only seen him four times.  (Tr. 439-42, 444-45).  This likely precluded Dr. Gollamudi

from gaining an understanding of Plaintiff's mental health issues before the ALJ's

hearing or decision.  Because of this, Plaintiff could not be reasonably expected to have

obtained this evidence before Dr. Gollamudi reached his conclusions and documented

them in his later report.  This is further confirmed by the fact that when Dr. Gollamudi

completed the forms, he had a more established treating relationship with Plaintiff than he

had during the time before the ALJ's hearing.  This in turn creates a strong likelihood that

Dr. Gollamudi had not fully reached these opinions before the ALJ's hearing, thus

making them unavailable to Plaintiff.

In addition, the fact that the additional evidence was unavailable to Plaintiff also

establishes that it constitutes "new" evidence.  *See Hollon*, 447 F.3d at 483-84.  Its "new"

status is further seen in the fact that the administrative record did not contain any

evidence from this medical source before the ALJ's hearing.  *See Hollon*, 447 F.3d at

483-84 ("[E]vidence is new only if it was not in existence or available to the claimant at

the time of the administrative proceeding.").

Turning to materiality, Plaintiff's additional evidence (1) must be relevant and

probative of her condition prior to the ALJ's decision, and (2) must establish a reasonable

probability that the ALJ would have reached a different decision if he had considered the

evidence.  *See Sizemore v. Secretary of H.H.S.*, 865 F.2d 709, 711 (6th Cir. 1988); *see also*

*Hollon*, 447 F.3d at 488.  The evidence concerns Plaintiff's mental health and work

limitations during at least part of the time period at issue during the ALJ's proceedings.

Dr. Gollamudi's report tends to support her testimony during the ALJ's hearing about her

mental health struggles, and it is therefore probative of her credibility, if not also her

disability status.

In addition, there is no opinion from a treating source other than Plaintiff's

previous counselor in the record.  Dr. Gollamudi's report is consistent with the record.

For example, GAF[1] findings regularly suggest that Plaintiff has at least "serious

symptoms" manifested by a serious impairment in social or occupational, functioning.

*See* Tr. 178, 230, 241, 319, 442.  A treating therapist, Ms. Otto, thought Plaintiff could

not function appropriately in a work setting.  "She would yell – cry – threaten – possibly

assault anyone she perceives as bossing or 'being unfair.'"  (Tr. 233).  State agency

evaluating psychologist, Dr. Bromberg, felt Plaintiff needed some assistance in

conducting her affairs.  (Tr. 177). State agency reviewing psychologist, Dr. Malinky,

considered Plaintiff's ability to interact with the public markedly impaired.  (Tr. 181-82).

The Commissioner's contention that Dr. Gollamudi's report is deficient because

treatment notes are not attached lacks merit.  The Regulations do not mandate the

conclusion that a treating psychiatrist's must be rejected due to lack of treatment notes.

Instead, their opinions must be evaluated under the treating physician rule and other

regulatory factors.  *See* 20 C.F.R. §404.1527(d)(2)-(5).  Many of these factors provide a

reasonable basis to credit this psychiatrist's opinions.  For example, a cursory review of

the report reveals that it is more than conclusory; it is well-supported with explanation.  It

is also consistent, as discussed above, with other evidence of record.  Dr. Gollamudi – a

psychiatrist – is also a specialist in mental health disorders and treatment.  For these

---

[1] GAF," Global Assessment Functioning, is a tool used by health-care professionals to assess a person's psychological, social, and occupational functioning on a hypothetical continuum of mental illness.  It is, in general, a snapshot of a person's "overall psychological functioning" at or near the time of the evaluation.  *See Martin v. Commissioner*, 61 Fed.Appx. 191, 194 n.2 (6th Cir. 2003); *see also* Diagnostic and Statistical Manual of Mental Disorders, 4th ed., Text Revision ("DSM-IV-TR") at 32-34.

reasons, there is a reasonable probability, if not a strong one, that the ALJ would have reached a different decision if he had considered this evidence.

Accordingly, Plaintiff has demonstrated "good cause" and that her additional evidence is both new and material. As a result, a remand of this matter to the Social Security Administration is warranted under sentence six of 42 U.S.C. §405(g). Because of this conclusion, the Court must decline to rule on Plaintiff's remaining substantive challenges to the ALJ's decision. *See Melkonyan*, 501 U.S. at 98; *see Raitport v. Callahan*, 183 F.3d 101, 103-04 (2nd Cir. 1999)(sentence-six remand involves no substantive ruling on the correctness of an administrative decision).

### IT IS THEREFORE ORDERED THAT:

1. The ALJ's decision be VACATED;

2. This case is REMANDED to the Commissioner under sentence six of 42 U.S.C. §405(g); and

3. The parties, individually or jointly, report the status of the remand beginning **on December 1, 2008** and every six months thereafter. In the event the administrative proceedings resolve the parties' dispute, one or both parties shall file a Notice indicating that no further controversy exists in this case.

4. The Clerk of Courts is directed to Stay this case pending future directive by the Court.


February 21, 2008                                   s/Sharon L. Ovington
                                                  Sharon L. Ovington
                                            United States Magistrate Judge