IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DEBORAH STUPP, | : | Case No. 3:07-cv-08 |
| Plaintiff, | | District Judge Thomas M. Rose |
| | : | Magistrate Judge Michael J. Newman |
| vs. | | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 31), the Commissioner's Memorandum in Opposition (doc. 32), Plaintiff's Reply (doc. 33), the administrative record, and the record as a whole.[2]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] On September 20, 2012, Plaintiff's counsel filed a Suggestion of Death, advising the Court that Plaintiff died on March 11, 2012, and the father of her minor child, Chris Ward, is the interested party in this appeal. Doc. 30. The Court accepts counsel's filing as a motion to satisfy Fed. R. Civ. P. 25(a)(1) and, as such, this appeal may proceed even though Plaintiff is deceased. *See Youghiogheny & Ohio Coal Co. v. Webb,* 49 F.3d 244, 247 (6th Cir. 1995); *Cunningham v. Astrue*, 360 F. App'x 606, 611 (6th Cir. 2010). Nevertheless, the Court has elected to keep the caption of this case as originally pled. The Court also notes Plaintiff's death was not caused by, or in any way related to, the impairments here at issue. *See* doc. 35.

# I. BACKGROUND

## A. Procedural History

Plaintiff filed for DIB and SSI on October 10, 2002, alleging a disability onset date of November 12, 2001. Tr. 52-54, 446-48. Plaintiff claimed she is disabled due to a number of impairments including, *inter alia*, major depression, an anxiety disorder, a personality disorder, and sleeping problems. Tr. 70.

After initial denials of her applications, Plaintiff received a hearing before ALJ David Redmond. Tr. 477-508. In a written decision issued on April 18, 2006, ALJ Redmond found Plaintiff not "disabled." Tr. 16-25. Thereafter, the Appeals Council denied Plaintiff's request for review. Tr. 5-7. Plaintiff then timely filed an appeal in this Court. Doc. 1. On February 21, 2008, the Court remanded the matter to the Commissioner under Sentence Six of 42 U.S.C. § 405(g) to consider new evidence (*i.e.*, the medical opinion of a new treating psychiatrist). Doc. 11.

Upon remand, Plaintiff received a hearing before ALJ Amelia Lombardo. Tr. 1085-1106. ALJ Lombardo issued a written decision on August 23, 2011 finding Plaintiff not "disabled." Tr. 671-84. Specifically, ALJ Lombardo's Findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2007;

2. The claimant has not engaged in substantial gainful activity since November 12, 2001, the alleged disability onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*);

3. The claimant has the following severe impairments: degenerative dis[c] disease of the lumbosacral spine; morbid obesity; bipolar disorder; and anxiety disorder (20 CFR 404.1520(c) and 416.920(c));

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed

2

        impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). Giving the claimant the full benefit of doubt with regard to her allegations and subjective complaints, it is found that that she is limited to simple, repetitive[] tasks that would afford her the opportunity to alternate between sitting and standing at intervals of thirty minutes. She is further limited to jobs that would require no more than occasional stooping, crouching, kneeling, or crawling. She is restricted to low stress work that would not require fast pace or involve assembly line production quotas. She is further restricted to jobs that would require only minimal contact with the general public;[3]

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965);

7. The claimant was born [in]…1973 and was 28 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963);

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964);

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2);

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)); and

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 12, 2001, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

---

[3] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or…sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.*

Tr. 675-84 (brackets and footnote added).

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Lombardo's non-disability finding the final administrative decision of the Commissioner. Tr. 654-56. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). This matter is now back before the Court to review ALJ Lombardo's decision.

**B. Plaintiff's Hearing Testimony**

At the hearing before ALJ Lombardo, Plaintiff testified that she was 5'7" tall, and weighed 324 pounds. Tr. 1088. She initially lost 200 pounds after having gastric bypass surgery in 2004, but gained 100 pounds back after pregnancy with her son. Tr. 1091.

She lived, at that time, in a one-story house with her fiancé, Chris Ward, and three-year-old son. Tr. 1088. Mr. Ward did most of the cooking and household chores, but Plaintiff did laundry and washed the dishes. Tr. 1094-95.

Plaintiff testified that she was no longer able to work due to pain caused by degenerative disc disease in her back and arthritis in both knees. Tr. 1090. She took pain medication, and received injections in her back and knees to lessen her pain and other symptoms. Tr. 1090-91. Further, she was prescribed hearing aids for both ears, and also had diabetes and glaucoma. Tr. 1091, 1101. She reported that she could lift 10 pounds; walk 3 blocks without interruption; and sit for a maximum of 45 minutes. Tr. 1094. She reported no problems using her arms, hands, or fingers. *Id.*

Plaintiff also testified that she suffered from depression and had panic attacks. *See* tr. 1091, 1098. She lacked energy and felt "drained." Tr. 1098. She took psychiatric medications and saw her psychiatrist every 8 to 12 weeks to refill her prescriptions. Tr. 1092. She

4

acknowledged that she was terminated from a community mental health center after she stole prescription scripts. Tr. 1099-1100.

### C. Medical Expert Testimony

ALJ Lombardo also incorporated into her decision the testimony of Mary Eileen Buban, Psy.D., a clinical psychologist who testified as an impartial medical expert during Plaintiff's prior administrative hearing before ALJ Redmond. Tr. 535-39, 674-75. Dr. Buban opined that Plaintiff suffered from depression and anxiety. Tr. 535. She reported that Plaintiff's mental health treatment was erratic, and Plaintiff had a history of being non-compliant with medication and therapy. *See* tr. 535-36. Dr. Buban further opined that Plaintiff's mental impairments resulted in just mild restrictions of her daily activities; moderate difficulties with social functioning; moderate difficulties with concentration, persistence, or pace; and that Plaintiff had no repeated episodes of decompensation.[4] Tr. 537. Moreover, Dr. Buban testified that Plaintiff was capable of working, but should be limited to simple tasks with no production quotas and only minimal personal contacts. *See id.*

### D. Vocational Expert Testimony

Eric Pruitt, a vocational expert ("VE"), also testified at the hearing before ALJ Lombardo. Tr. 1102-05. ALJ Lombardo proposed a series of hypotheticals regarding Plaintiff's RFC to the VE. Tr. 1103-04. Based on Plaintiff's age, education, work experience, and RFC, the VE testified that, although Plaintiff could no longer perform her past relevant work, she could perform, in the regional economy, 23,000 jobs at the light exertional level and 3,100 jobs at the sedentary exertional level. Tr. 1104.

---

[4] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

5

## II. APPLICABLE LAW

### A. Substantial Evidence Standard

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. §§ 405(g), 1383(c)(3);[5] *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which [he or she] can act, without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

---

[5] The remaining citations will identify the pertinent DIB regulations with full knowledge of the corresponding SSI regulations. Additionally, Plaintiff's pertinent medical records have been adequately summarized in her Statement of Errors and the administrative decision, *see* doc. 31 at PageID 127-35; tr. 675-82, and the Court will not repeat them here. Where applicable, the Court will identify the medical evidence relevant to its decision.

### B. "Disability" Defined

To be eligible for DIB and/or SSI benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.  OPINION AND ANALYSIS

This is a sad case in which Plaintiff passed away after the administrative proceedings below, but before this appeal was resolved.  *See* doc. 30.  As Plaintiff's counsel has made clear, however, her death was not related to her alleged disabilities.  *See supra* note 2 (referencing doc. 35).

Plaintiff claims ALJ Lombardo erred by:  (1) failing to give appropriate weight to the findings by her treating psychiatrist, R. Gollamudi, M.D., and her treating therapist, Wes Stratton, L.S.W.; and (2) improperly evaluating her credibility.  *See* doc. 31.  The Court finds both arguments without merit.  The record demonstrates that ALJ Lombardo fully and fairly considered both the original medical evidence supporting Plaintiff's disability claim, and the new evidence made part of the record after the Court's Sentence Six remand, and reasonably concluded that Plaintiff was not disabled.

**A.  ALJ Lombardo Properly Weighed Dr. Gollamudi's Opinion**

While the medical opinions of treating doctors are generally entitled to controlling weight or great deference, a treating doctor's conclusory statement -- that the claimant is disabled -- is not determinative of the ultimate issue of disability.  *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).  Rather, a treating doctor's opinion is to be given controlling weight only if it is well-supported by medically acceptable clinical and laboratory techniques, and not inconsistent with the other evidence of record.  *See* 20 C.F.R. § 404.1527(c)(2); *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993).  To that end, an ALJ may properly reject a treating physician's opinion that does not meet these standards.  *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529-31 (6th Cir. 1997).  Nonetheless, when a treating doctor's opinion is not given controlling weight, the ALJ must consider certain factors --

8

*e.g.*, supportability of the opinion, and consistency of the opinion with the record as a whole -- and must also give "good reasons" for the weight given to that opinion.[6] 20 C.F.R. § 404.1527(c); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009).

Dr. Gollamudi completed interrogatories on November 5, 2005 after treating Plaintiff for less than four months (from May 2, 2005 through August 25, 2005). He then opined that Plaintiff had "marked" restrictions of her daily living activities; "marked" difficulties with social functioning; and "marked" deficiencies of concentration, persistence, and pace. Tr. 455-64. (These interrogatories were the cause for the Sixth Sentence remand. *See* doc. 11 at PageID 78-82.) On May 31, 2008, Dr. Gollamudi completed supplemental interrogatories and again opined that Plaintiff was unable to work due to her mental impairments.[7] Tr. 652-53.

ALJ Lombardo fully considered Dr. Gollamudi's opinions, and reasonably determined that his non-disability findings were not entitled to controlling or deferential weight based on the following rationale:

> [Dr. Gollamudi's] opinion is inconsistent with the treatment records, which consistently showed unremarkable mental status examinations. The claimant has

---

[6] In weighing a medical opinion, the ALJ must consider the following factors: the examining relationship (if any); the length, nature and extent of the treatment relationship (if any); supportability of the opinion; consistency of the opinion with the record as a whole; the specialization of the source; and any other relevant factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c).

[7] Dr. Gollamudi also submitted two Mental Functional Capacity Assessments to the county welfare department on behalf of Plaintiff -- in February 2009 and February 2010 -- opining that she had marked functional limitations due to her mental impairments. *See* tr. 812-17. In her decision, ALJ Lombardo noted that those forms "are used by the various county welfare departments to determine eligibility for Medicaid benefits…[and t]hey were not designed, nor were they ever intended to be used, to determine eligibility for disability benefits under the Social Security Act." Tr. 679. Plaintiff argues ALJ Lombardo erred in making such a finding. Doc. 31 at PageID 137. This argument is unpersuasive. First, ALJ's Lombardo's statement is dicta. Second, the Court notes that, in weighing Dr. Gollamudi's opinion, ALJ Lombardo considered not only the content of these forms, but also both sets of interrogatories completed by Dr. Gollamudi. ALJ Lombardo then reasonably determined that Dr. Gollamudi's findings, whether viewed independently or collectively, did not warrant controlling or deferential weight. Tr. 679. That analysis, for the reasons discussed more fully above in § III(A), is found supported by substantial evidence.

9

>   never required psychiatric hospitalization.[8] She has an extensive history of
>   noncompliance with treatment, as well as substance abuse.[9] His opinion is also
>   inconsistent with the majority of mental health professionals who have evaluated
>   the claimant. As Dr. Gollamudi's medical opinion is not supported by the
>   medical record and is inconsistent with other medical evidence of record, it is
>   afforded little weight.

Tr. 679 (brackets and footnotes added).

ALJ Lombardo articulated good reasons, which are supported by substantial evidence, for discrediting Dr. Gollamudi's opinion. *See Blakley*, 581 F.3d at 406. First, the cursory treatment records from Dr. Gollamudi did not support the "marked" level of limitations he assessed. *See generally* tr. 597-636, 1078-84. According to Dr. Gollamudi, the results of Plaintiff's mental status examinations were consistently normal. *See, e.g.*, tr. 613, 617-36. Moreover, Dr. Gollamudi noted on many visits that Plaintiff's symptoms had improved. *See, e.g.*, tr. 602-06, 608, 613-15, 617-18, 621-22. Similarly, the notes of other mental health professionals do not support, and are in conflict with, Dr. Gollamudi's disability finding. *See, e.g.*, tr. 241-46, 249-52, 270-93, 311-21.

Additionally, there are many indications in the record that Plaintiff was not compliant with her treatment -- *i.e.*, missing appointments and not taking medication. *See, e.g.*, tr. 165, 234, 240-41, 274, 312; *see also* 20 C.F.R §§ 404.1530, 416.930 (noting a claim of disability will be denied if the claimant fails to follow prescribed treatment without good reason); *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 114-15 (6th Cir. 2010). While recognizing that in certain cases symptoms of a mental disorder may excuse a claimant's failure to comply with

---

[8] Although Plaintiff was hospitalized for a suicide attempt in 1996 (five years prior to her alleged disability onset date), *see* tr. 136-44 -- there are no records showing hospitalization thereafter. While the Court disagrees with ALJ Lombardo to the extent she suggests that hospitalization is necessary to support a disability finding, *cf. Lane v. Astrue*, 839 F. Supp. 2d 952, 970 (S.D. Ohio 2012) (Rose, J.; Newman, M.J.), the Court nevertheless agrees with the weight accorded to Dr. Gollamudi's opinions and the reasoning employed by ALJ Lombardo.

[9] The record indicates that Plaintiff used cocaine. *See, e.g.*, tr. 320, 595, 613, 1071, 1073. There is no allegation that Plaintiff's drug use was the source of, or related to, her alleged disability.

treatment, *see White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 283 (6th Cir. 2009), this is not such a case, as the records do not suggest that Plaintiff's mental impairments were so severe that she could not remember to attend appointments and take her medications. *Accord Smith-Marker v. Astrue*, 839 F. Supp. 2d 974, 983-84 (Rose, J.; Newman, M.J.) (S.D. Ohio 2012). To the contrary, some treatment notes indicated that she was, in fact, capable of managing her own treatment. *See, e.g.*, tr. 177 (Dr. Bromberg's note that Plaintiff "appears capable of cooperating with a treatment program"), 314 (Dr. Pina's statement that Plaintiff "has capacity to decide and make treatment planning decisions related to her care").

Moreover, as ALJ Lombardo recognized, the other medical opinions in the record were inconsistent with Dr. Gollamudi's opinion. *See* tr. 681. Jerry Flexman, Ph.D., an examining neuropsychologist, found in December 2003 that Plaintiff had no "marked" functional limitations. Tr. 230-31. Additionally, two consultative psychologists -- John Malinky, Ph.D. (in February 2003) and Mel Zwissler, Ph.D. (in January 2004) -- likewise opined that Plaintiff had no "marked" limitations in any functional areas. Tr. 195, 264. Similarly, in June 2004, Desiderio Pina, M.D. performed a psychiatric evaluation on Plaintiff, and reported a GAF score of 70-80, which indicates only slight to mild symptoms.[10] Tr. 313; *see* DSM-IV at 34.

Accordingly, ALJ Lombardo's decision -- to accord "little weight" to Dr. Gollamudi's opinion -- is supported by substantial evidence and compliant with Social Security regulations. *Accord Lane*, 839 F. Supp. 2d at 970-71 (finding the ALJ's decision -- to not afford controlling

---

[10] "GAF," Global Assessment Functioning, is a tool used by health-care professionals to assess a person's "psychological, social, and occupational functioning on a hypothetical continuum of mental illness. Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000) ("DSM-IV"). A GAF score of 71 to 80 indicates "no more than slight impairment in social, occupational, or school functioning (*e.g.*, temporarily falling behind in schoolwork)." *Id.*

11

weight to the treating doctors' opinions -- was supported by substantial evidence because the opinions were inconsistent with the treatment notes and unsupported by the medical record).[11]

### B. ALJ Lombardo Properly Weighed Mr. Stratton's Opinion

Plaintiff further argues that ALJ Lombardo erroneously rejected the opinion of her treating mental health therapist, Mr. Stratton. Doc. 31 at PageID 140-41. This argument is unavailing for several reasons. First, Mr. Stratton is not an "acceptable medical source" under Social Security regulations, *see* 20 C.F.R. § 404.1513, and his opinion, therefore, does not merit deference. *See* SSR 06-03p, 2006 SSR LEXIS 5 at *4-5, 2006 WL 2329939, at *2. Additionally, there is no separate opinion by Mr. Stratton; rather, he merely co-signed the interrogatories completed by Dr. Gollamudi. *See* tr. 455-64. Moreover, ALJ Lombardo provided a separate analysis for Mr. Stratton and similarly provided "good reasons" for rejecting his opinion, such as Plaintiff's noncompliance with treatment and the inconsistency of his opinion with Plaintiff's reported daily activities (*e.g.*, caring for her three-year-old son and doing household chores). Tr. 680.

---

[11] Plaintiff incorrectly implies that ALJ Lombardo was bound by this Court's suggestion in the Sentence Six Remand Order -- that Dr. Gollamudi's opinion is well-supported and consistent with the record (doc. 11 at PageID 81-82). *See* doc. 33 at PageID 165-66. The language in that prior opinion merely explains the justification for a Sentence Six remand -- *i.e.*, that Dr. Gollamudi's opinion satisfied the "new and material" criteria. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). To satisfy the "materiality" standard, the claimant must show there is a "reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence." *Id.* at 484. The ALJ was not required to adopt that finding. When a court remands a case under Sentence Six, it "does not rule in any way as to the correctness of the administrative determination." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Moreover, a Sentence Six remand was warranted in this case. Based on the records before the Court at that time, there appeared to be a reasonable probability that Dr. Gollamudi's opinion would support a finding of disability. However, the record is now more fully developed with respect to Dr. Gollamudi's treatment of Plaintiff: at the time of the Sentence Six remand, there were only records from 5 office visits, *see* tr. 439-45; whereas the record before ALJ Lombardo contained additional notes from over 35 office visits. *See* tr. 597-649, 1078-84. To that end, while this Court correctly determined that Dr. Gollamudi's opinion was material to warrant a Sentence Six remand, ALJ Lombardo reasonably evaluated the fully developed record and determined Dr. Gollamudi's opinion was not entitled to controlling or deferential weight.

### C. ALJ Lombardo's Credibility Analysis is Supported by Substantial Evidence

Last, Plaintiff challenges ALJ Lombardo's credibility analysis. It is the ALJ's function, and not the reviewing court's, to evaluate the credibility of the claimant. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). Accordingly, an ALJ's credibility findings are entitled to considerable deference and should not be lightly discarded. *Casey*, 987 F.2d at 1234. The Court is "limited to evaluating whether or not the ALJ's explanations for partially discrediting [a claimant] are reasonable and supported by substantial evidence in the record." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (brackets added).

Plaintiff first argues that ALJ Lombardo erroneously disregarded her complaints of disabling pain in her back and knees. *See* doc. 31 at PageID 142-43. Contrary to Plaintiff's contentions, the ALJ "afford[ed] her the maximum benefit of the doubt" with respect to these complaints, and limited her to a reduced range of light work (*i.e.*, "simple, repetitive[] tasks that would afford her the opportunity to alternate between sitting and standing at intervals of thirty minutes" and "occasional stooping, crouching, kneeling, or crawling"). Tr. 678, 681. Such limitations reasonably address Plaintiff's allegations of pain in her back and knees.

Further, the ALJ appropriately determined that Plaintiff's claims of disabling mental impairments lacked credibility for the following reasons: her failure to seek mental health treatment until after filing her DIB application; her history of being noncompliant with medication and treatment; the medical opinions indicating that she had only mild to moderate impairments in functioning; and her inconsistent statements to various medical sources regarding her education, *compare* tr. 176 *with* tr. 410 *and* tr. 1096. *See* tr. 681-82. *See also Walters*, 127 F.3d at 531 (finding an ALJ may discount credibility where there are "contradictions among the medical reports, claimant's testimony, and other evidence"); *Kendrick v. Astrue*, 886 F. Supp. 2d

627, 638 (S.D. Ohio 2012) (Rose, J.; Newman, M.J.) (finding an ALJ properly discounted the claimant's credibility based on his inconsistent testimony); *Lane*, 839 F. Supp. 2d at 973 (same). To that end, substantial evidence supports the ALJ's credibility determination.

## IV.  RECOMMENDATION

For the foregoing reasons, the Court finds Plaintiff's assignments of error unmeritorious, and further finds ALJ Lombardo's non-disability determination supported by substantial evidence.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The ALJ's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and

2. This case be **CLOSED** on the docket of this Court.

August 21, 2013                                **s/Michael J. Newman**
                                               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).