IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DEBORAH STUPP,

        Plaintiff,              Case No. 3:07-cv-008

vs.                                  Judge Thomas M. Rose

CAROLYN W. COLVIN,        Magistrate Judge Michael J. Newman
Acting Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER OVERRULING STUPP'S OBJECTIONS (Doc. #37)
TO THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS (Doc. #36) IN ITS ENTIRETY;
AFFIRMING THE COMMISSIONER'S DECISION THAT STUPP WAS
NOT DISABLED AND TERMINATING THIS CASE**

_____

Deborah Stupp ("Stupp") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that she is not disabled and, therefore, not entitled to Social Security disability benefits. On August 21, 2013, United States Magistrate Judge Michael J. Newman entered a Report and Recommendations (doc. #36) recommending that the Commissioner's decision that Stupp was not disabled be affirmed. Stupp subsequently filed Objections (doc. #37) and the Commissioner has responded to Stupp's Objections (doc. #38). This matter is, therefore, ripe for decision.

Stupp sought financial assistance from the Social Security Administration by applying for Disability Insurance Benefits and Supplemental Security Income on October 10, 2002. Stupp claimed that she had been disabled due to major depression, an anxiety disorder, a personality

disorder and sleeping problems.

After initial denials of her applications, Stupp received a hearing before Administrative Law Judge ("ALJ") David Redmond ("Redmond"). Thereafter, ALJ Redmond found Stupp not disabled. The Appeals Council then denied Stupp's request for review and Stupp appealed to this Court. This Court then remanded this matter to the Commissioner to consider new evidence.

Upon remand, Stupp received a hearing before ALJ Amelia Lombardo ("Lombardo"). ALJ Lombardo found Stupp not disabled, the Appeals Council denied Stupp's request for review and Stupp again appealed to this Court pursuant to 42 U.S.C. § 405(g).[1]

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #36) and in Stupp's Objections (doc. #37) and the Commissioner's Response (doc. #38), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing affirms the Commissioner's latest decision that Stupp was not disabled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to

---

[1]Stupp died on March 11, 2012 for reasons not related to the impairments at issue here.

support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

      The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

      In this case, the ALJ applied the correct legal criteria and the record as a whole contains substantial evidence to support the ALJ's decision. WHEREFORE, Stupp's Objections to the Magistrate Judge's Report and Recommendations are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge in its entirety. The Commissioner's latest decision that Stupp was not disabled is affirmed. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court

for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Seventeenth Day of September, 2013.

         **s/Thomas M. Rose**

         _____
         JUDGE THOMAS M. ROSE
         UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record